IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:12-CR-0181-TWT-LTW |
| CHARLIE SHIVERS III | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, and Gale McKenzie and Alana R. Black, Assistant United States Attorneys for the Northern District of Georgia, and files this response in opposition to Defendant's Motion for Release Pending Sentencing, as follows:

**Prior Proceedings**

The defendant was arrested on a Criminal Complaint, and was detained without bond following a Preliminary and Detention Hearing on May 15, 2012.  Doc 1, 5-7.  The government's evidence in support of its motion for detention consisted of testimony and documentary exhibits.  Doc 33, 7.  Magistrate Judge Alan J. Baverman entered the detention order, finding the defendant to be both a flight risk and an economic danger to the community, pursuant to 18 U.S.C. §3142(f) and (g).  Doc 6.

On July 7, 2012, the defendant moved for reconsideration of detention, requested a hearing on his motion, and listed three grounds in support thereof.  Doc 27.  Two of those grounds – the

defendant's criminal record and his parents' willingness to sign defendant's bond – were before Judge Baverman when he entered the original detention order on May 15, 2012. Pretrial Services Report; Doc 33. The third ground listed in support of reconsideration - defendant's decision to enter a guilty plea - failed to support his motion, as a guilty plea shifts the burden to the defendant to establish that he will not flee or pose a danger to others or the community. Rule 46, Federal Rules of Criminal Procedure; 18 U.S.C. § 3143. The government opposed defendant's motion for reconsideration and for another hearing. Doc 32. On July 30, 2012, Judge Baverman denied defendant's motion to reconsider detention and for a new hearing.

On August 8, 2012, the defendant entered a guilty plea to two counts of the indictment, and sentencing was scheduled for October 26, 2012. Doc 36, 37.

**Current Motion for Release**

On September 4, 2012, the defendant filed a Motion for Release Pending Sentencing, again seeking release on bond and requesting a hearing. Doc 38. The defendant's current motion alleges no new grounds in support of release. His education, ties to the community, family situation, criminal history and guilty plea were all before Judge Baverman when he originally ordered detention, reconsidered the same, and declined to order release or a new hearing. The government's evidence regarding defendant's risk of

flight and danger to the community has not been challenged, even in his current motion for release, and remains compelling.  Doc 7, 33.  Therefore, Judge Baverman's prior decisions are supported by the evidence, and the defendant's current motion for release pending sentencing and for a new hearing should be denied.

In support of flight risk, the government presented the following evidence.  Doc 33, 7.  The defendant is facing a substantial prison term, was planning to leave the county the day of his arrest, had already moved some scheme proceeds to Australia where his doctor girlfriend resided, had researched shipping his Corvette to Australia, was reviewing listings for residences in Australia, mislead Pretrial by denying ties to Australia, including his girlfriend, and had recently returned to the United States from Australia in order to renew his passport.  The defendant confirmed his plans to a person he believed to be a conspirator during a recorded conversation the day before his arrest on the present multimillion dollar fuel tax refund fraud, saying that he was "fixing to be across the Pacific" and that, "I'm going to work out, get in shape, go to another country, and be the badest MF a bitch will ever meet."  Moreover, at the time of his arrest, the defendant was not employed, had generated no legitimate income for many years, was staying on the couch in the living room of a friend, and had spent substantial time outside the Atlanta area in Las Vegas, Los Angles, Australia, and other foreign locations – all

demonstrating a lack of ties to the Atlanta area. Although the defendant's brother resided in Atlanta upon his release from prison in August 2011, he was likewise unemployed and had become one of defendant's conspirators in the present case.

In support of economic danger to the community, the government presented the following evidence. Doc 33, 7. The defendant continued his participation in the multimillion dollar fuel tax refund scheme even after learning of the United States Secret Service and Internal Revenue Service criminal investigation, actually submitting over $800,000 in false claims thereafter. If released on bond, the defendant could continue the same scheme as he did during the criminal investigation. The defendant could do so because he used multiple addresses throughout the country to receive the refund checks plus dozens of highjacked company names in which to make the false claims, with IRS having no way to identify the false returns before issuing refund checks, since the IRS would have no way to identify new addresses and company names.

Finally, all of the grounds presented by the defendant in his current motion for release have already been considered by Judge Baverman, and do not warrant either release or a new hearing. The fact that the defendant's parents were in court in support of the defendant during his original detention hearing, and would be willing to sign his bond, was called to the attention of Judge Bavermen, although, then as now, they could not post a secured

bond.  The defendant's criminal history was also fully explored in the Pretrial Services Report presented to the Court, as was his education, family, and lack of legitimate employment.  Defendant's intention to plead guilty was also made known to the Court before Judge Baverman properly denied his motion for reconsideration of detention.

Moreover, his guilty plea does not better the defendant's position regarding detention.  *See*, Rule 46, Federal Rules of Criminal Procedure; 18 U.S.C. § 3143.  The defendant has failed to meet what has become his burden of proving that he is not a risk of fligh or danger to the community.

WHEREFORE, for the above and foregoing reasons, the government respectfully prays that the defendant's motion for release pending sentencing and his request for a hearing be denied.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/GALE MCKENZIE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 494800

/s/ ALANA R. BLACK
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 785045

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6000
(404)581-6181 (Fax)

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

    R. Gary Spencer

This 4th day of September, 2012.

                      /s/GALE MCKENZIE
                      ASSISTANT UNITED STATES ATTORNEY
                      Gale.McKenzie@usdoj.gov